798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Richard BURGETT, et al., Respondents.
 No. 86-5504.
 United States Court of Appeals,
Sixth Circuit.
 June 13, 1986.
 
 Before MARTIN, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for Summary entry of a judgment against Respondents, Richard Burgett, a sole proprietor d/b/a Burgett and Son Masonry and its alter ego Consumers Energy Savings System, Inc., Snyder Masonry, their officers, agents, successors, and assigns, enforcing its order dated March 19, 1986, in Case Nos. 7-CA-23824 and 7-CA-24154, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondents, Richard Burgett, a sole proprieter d/b/a Burgett and Son Masonry and its alter ego Consumers Energy Savings System, Inc., Snyder Masonry, their officers, agents, successors, and assigns, shall;
 
 1. Cease and desist from:
 
 3
 (a) Failing or refusing to recognize and bargain collectively in good faith with Metropolitan Detroit Bricklayers District Council International Union of Bricklayers and Allied Craftsmen, AFF-CIO as the exclusive bargaining representative of their employees in the appropriate unit, and failing or refusing to sign collectivebargaining agreements applicable to those employees and, regarding Burgett and CESS unilaterally setting employment conditions.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights under Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 5
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 6
 (a) Retroactively give full effect to the collective-bargaining agreement between the Union and DMCA and its employer-members, which was effective by its terms from June 1, 1984 through May 31, x985 including but not limited to: (1) making whole all unit employees for any loss of wages and benefits they incurred because of Respondents' failure to apply or maintain the established terms and conditions of such agreements; (2) making the contractually established payments to the various trust funds established by the collective-bargaining agreements; (3) reimbursing their employees for any expenses ensuing from Respondents' failure to make such contributions; and (4) reimbursing the Union for any loss of dues caused by Respondents' failure to deduct due prusuant to check-off authorizatoons and remitting same to the Union as required by contract; all as set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy". Respondent Burgett and CESS to likewise take this action for the period April 18, 1984 to June 1, 1984 in addition.
 
 
 7
 (b) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of reimbursement due.
 
 
 8
 (c) Post at their place of business and at each of their jobsites, copies of the attached notices marked "Appendix" Copies of said notice on forms provided by the Regional Director for Region 7 of the Board (Detroit, Michigan), after being duly signed by Respondents' authorized representative, shall be posted by Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 9
 (d) Sign and return to said Regional Director sufficient copies of said notice for posting by the Union, if it is willing, at its office and meeting halls, including all places where notices to members are customarily posted.
 
 
 10
 (e) Notify the Regional Director in writing, within 20 days from the date of the receipt of this Judgment, what steps Respondents have taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 12
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 AN AGENCY OF THE UNITED STATES GOVERNMENT
 
 13
 After a hearing at which all sides had an opportunity to present evidence and state their positions, The National Labor Relations Board found that we have violated The National Labor Relations Act, as amended, and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT fail or refuse to recognize and bargain collectively and in good faith with Metropolitan Detroit Bricklayers District Council International Union of Bricklayers and Allied Craftsmen, AFL-CIO as the exclusive representative of our employees in the appropriate unit, or refuse to sign collective-bargaining agreements applicable to those employees or unilaterally set employment conditions. The appropriate unit is:
 
 
 15
 All employees of the employer-members of DMCA-Detroit performing masonry work but excluding all other employees, guards, and supervisors as defined in the Act constitute an appropriate unit for collective bargaining within the meaning of Section 9(b) of the Act.
 
 
 16
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of your right to engage in union or concerted activities, or to refrain therefrom.
 
 
 17
 WE WILL retroactively give full effect to the collective-bargaining agreement between Metropolitan Detroit Bricklayers District Council International Union of Bricklayers and Allied Craftsmen, AFL-CIO and its employer-members which was effective by its terms from 1 June 1984 to 31 May 1985, as well as the period from 18 April 1984 to 1 June 1984, including but not limited to
 
 
 18
 Making whole all unit employees for any loss of wages and benefits they incurred because of our failure to apply or maintain the established terms and conditions of such agreements, with interest.
 
 
 19
 Making the contractually established payments to the various trust funds established by the collective-bargaining agreements,
 
 
 20
 Reimbursing our employees for any expenses ensuing from our failure to make such contributions, specifically: any medical or dental bills they have paid to health care providers that the contractual policies would have covered; any premiums they may have paid to third party insurance companies to continue medical and dental contributions they may have made for the maintenance of the contractual health and welfare, pension, industry and apprenticeship funds after we unlawfully discontinued or failed to make contributions to those funds, all with interest, and
 
 
 21
 Reimbursing Metropolitan Detroit Bricklayers District Council International Union of Bricklayers and Allied Craftsmen, AFL-CIO for any loss of dues caused by our failure to deduct dues pursuant to checkoff authorizations and remitting same to the Union as required by contract, with interest.
 
 
 22
 RICHARD BURGETT, A SOLE PROPRIETOR, d/b/a BURGETT & SON MASONRY and its ALTER EGO CONSUMES ENERGY SAVINGS SYSTEM, INC. (Employer)
 
 Dated
 
 23
 By
 
 
 24
 (Representative)
 
 
 25
 (Title)
 
 
 26
 and
 
 Dated
 
 27
 By
 
 
 28
 (Representative)
 
 
 29
 (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue--Room 300, Detroit, MI 48226, Telephone 226-3244.